PHILIP O. FAULKNER *v.* H. P. THORN

(No. 9037)

Submitted May 1, 1940. Decided May 21, 1940.

J. O. *Henson* and *Price, Smith & Spilman,* for appellant.
*Emmert, Rice & Hannis,* for appellee.

HATCHER, JUDGE:

This is the second appeal of this cause. It related primarily to defendant's obstruction of a lane which was described in our former opinion as follows:

"Plaintiff's farm is rectangular and is adjoined on its entire southern line by defendant's farm. Along this line is a lane (more than four thousand feet in length), extending from a highway called the Ridge Road on the east of the two farms to a highway called the Mountain Road on their west. Neither the time, manner nor purpose of establishing this lane is within the memory of the living. Several aged witnesses had known and used it when children. It was then 'single track' and fenced on both sides its entire length. It was then used freely by everyone desiring to do so. From that time until this, first the western and later the eastern part has been used constantly by the owners of defendant's farm. During that period the owners of plaintiff's farm have not needed to use the lane, and have not used it to any extent except that for the last eleven years, plaintiff himself has driven over the eastern part weekly. The western part has fallen into disuse, though a well-defined foot and bridle path still exists. The lane fence on plaintiff's side has been maintained constantly its entire length by the owners of his farm, except near the Ridge Road where now only fence posts stand. The lane fence on defendant's side was maintained constantly its entire length by owners of his farm until within the last few decades. About 1910 an owner destroyed the section of his fence near the Ridge Road. Other sections have fallen down." *Faulkner* v. *Thorn,* 120 W. Va. 575, 576-7, 200 S. E. 581.

The former record also contained, uncontradicted, this additional evidence. When some of the aged witnesses first knew the lane it ran "straight through" from the Ridge to the Mountain Road, crossing a steep hill near the latter. While one of these witnesses was still a little boy, his grandfather, who then owned defendant's farm, was given permission by a Mr. Van Metre, who then owned plaintiff's farm, "to shun the hill" entirely by de-

touring around it on his land. This was done; Van Metre's lane fence was set back north of the detour; and has remained so to the present time. The original width of the lane was "about fifteen feet", except at the Ridge Road where it was a few feet wider, and at the Mountain Road, where it was "always wider * * * likely thirty feet." The lane fences when first known by the aged witnesses were rail; at the present they are wire, but are approximately on their original location, except around the hill. The measured distance between the present lane fences at the Mountain Road is twenty-eight and one-half feet. Several sections of the lane (not at the hill) where defendant's fence is still standing were photographed, and on those sections the fences appear to be in straight and parallel lines.

We were of opinion from the first record that the lane had been established originally by joint land donations of remote predecessors in title of plaintiff and defendant, and could be closed now only by their mutual consent. We remanded the cause with directions that the lane as originally established be definitely described, and then defendant be enjoined from obstructing it.

Upon the remand, the circuit court decreed the boundaries of the lane to be as follows:

"The northern boundary of said lane shall be the fence line on its northern side, the same being the solid fence now in existence, as shown by the evidence, in this case, on the north side of the lane from the Mountain Road to a point on the north side of said lane near the packing shed, thence continued along the line where the fence posts were planted, as shown by the photostatic exhibits in this case, to the Ridge Road, this being the line as shown by the evidence where a solid fence formerly existed, and the southern boundary of said lane shall be a line 18 feet south of the said northern fence line as above established, extending from the Mountain Road on the west to the Ridge Road on the east."

Plaintiff appealed.

The solid fence now in existence on the north side of the lane follows the detour around the hill on plaintiff's land, and to that extent is not a boundary of the lane as originally located. Since the use of the detour was entirely permissive at its inception, and the record discloses no adverse user, we are of opinion that defendant and his predecessors in title acquired no prescriptive right to use the detour. *Crosier* v. *Brown,* 66 W. Va. 273, 66 S. E. 326, 25 L. R. A. (N. S.) 174; 19 C. J. Easements, sections 53, 54. We therefore hold that the northern line of the lane should not follow the detour, but should be the fence posts and fence now standing on the northern side of the lane except near the hill, and there, should be a straight line over the hill from the fence on one side of the detour to the fence on the other side. The only testimony in the record of the original width of the lane is that it was about fifteen feet except (a) at the Ridge Road where it was a few feet wider and (b) between the hill and the Mountain Road where it was considerably wider. Assuming, as the evidence warrants, that the present lane fences terminating at the Mountain Road are upon the same location as the rail fences first remembered by the witnesses, then the original southern line of the lane there was twenty-eight and one-half feet from plaintiff's fence. A line 18 feet from that fence, also, is not an original boundary of the lane. We are of opinion that the southern line of the lane should start at defendant's fence corner on the Mountain Road, and should follow eastward the sections of the lane fence now standing which the witnesses say are approximately on the location of the original southern fence, and from the termination of such sections should be protracted to the Ridge Road on a line the same distance from the northern lane fence as those southern sections are, making allowance, however, at the junction of the lane and the road for the few feet additional width shown by the evidence.

Defendant's brief cross-assigns two alleged errors: that the lane west of the defendant's buildings is not being used and should be closed by order of this Court; and that

our former decision was erroneous and should now be corrected. Without even regarding the rule of *res judicata*, his first assignment is not error, because neither the former record nor the present one discloses a prayer or motion to the circuit court to close the road; and his second assignment is without merit because having carefully re-examined the former record, we find no error whatsoever in our former decision, except that we gave the year when plaintiff's grandfather (Van Metre) secured a deed for his farm, as 1847, when the year should have been 1845—an inconsequential mistake.

The decree is reversed and the cause remanded.

*Reversed and remanded.*